UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM R. MCCORMICK, III, CAROL A. MCCORMICK, and WILLIAM R. MCCORMICK, II, | : : : : |
| Plaintiffs | : CA. No. 09-474-S |
| vs. | : : : |
| MARCELLA E. DRESDALE; RICHARD C. DRESDALE, and | : : : |
| BROWN UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS; RUTH SIMMONS, individually and as agent of Brown; DAVID KERTZER, individually and as agent of Brown; RUSSELL CAREY, individually and as agent of Brown; MARGARET KLAWUNN, individually and as agent of Brown; CARLA HANSON, individually and as agent of Brown; TERRY H. ADDISON, individually and as agent of Brown; ROBERT SAMUELS, individually and as agent of Brown; JONAH (ALAN) WARD, individually and as agent of Brown; RICHARD BOVA, individually and as agent of Brown; ROSARIO NAVARRO, individually and as agent of Brown; MICHELLE NUEY, individually and as agent of Brown; COL. MARK PORTER, individually and as agent of Brown; YOLANDA CASTILLO-APPOLLONIO, individually and as agent of Brown; CHUNG NGUYEN, individually and as agent of Brown; SHANE REIL, individually and as agent of Brown (the "Brown defendants"), | : : : : : : : : : : : : : : : : : : : : : |
| Defendants | : |

**PLAINTIFFS', WILLIAM R. MCCORMICK, III, CAROL A. MCCORMICK, AND WILLIAM R. MCCORMICK, II,'S MOTION TO UNSEAL**

Pursuant to the Court's Local Rule 102(d), Plaintiffs, William R. McCormick, III, Carol A. McCormick, and William R. McCormick, II, move the Court to unseal the instant matter, and file herewith the following supporting memorandum.

Plaintiffs, by their attorney,

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick, Esq. (#4036)
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI   02903
(401) 331-6300
(401) 421-3185 Fax
jskilpatrick@cck-law.com

**Certificate of Service**

I, the undersigned, hereby certify that on the 29th day of March, 2010, I electronically filed the within with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System.

/s/ J. Scott Kilpatrick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM R. MCCORMICK, III, <br> CAROL A. MCCORMICK, and <br> WILLIAM R. MCCORMICK, II, | : <br> : <br> : <br> : | |
| Plaintiffs | : <br> : | CA. No. 09-474-S |
| vs. | : <br> : | |
| MARCELLA E. DRESDALE; RICHARD C. DRESDALE, and | : <br> : <br> : | |
| BROWN UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS; RUTH SIMMONS, individually and as agent of Brown; DAVID KERTZER, individually and as agent of Brown; RUSSELL CAREY, individually and as agent of Brown; MARGARET KLAWUNN, individually and as agent of Brown; CARLA HANSON, individually and as agent of Brown; TERRY H. ADDISON, individually and as agent of Brown; ROBERT SAMUELS, individually and as agent of Brown; JONAH (ALAN) WARD, individually and as agent of Brown; RICHARD BOVA, individually and as agent of Brown; ROSARIO NAVARRO, individually and as agent of Brown; MICHELLE NUEY, individually and as agent of Brown; COL. MARK PORTER, individually and as agent of Brown; YOLANDA CASTILLO-APPOLLONIO, individually and as agent of Brown; CHUNG NGUYEN, individually and as agent of Brown; SHANE REIL, individually and as agent of Brown (the "Brown defendants"), | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants | : | |

**PLAINTIFFS', WILLIAM R. MCCORMICK, III, CAROL A. MCCORMICK, AND WILLIAM R. MCCORMICK, II,'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO UNSEAL**

## I. INTRODUCTION

The matter before the Court arises from a false allegation of rape made by Defendant Marcella Dresdale ("Beth") against Plaintiff William McCormick ("William"). At the time, both individuals were new freshman at Brown University. As set forth in the Amended Complaint, Defendant Brown University ("Brown") contributed to and/or caused Beth to make the false allegation and then failed and refused to follow its own policies and procedures in the treatment of the accuser and the accused, causing serious and permanent damages to William and his parents. This matter is currently sealed pursuant to an *ex parte* request made *in camera.*

The matter should be unsealed because: (a) the public has a right to access these judicial proceedings; (b) the allegations involved have traditionally been open to the public; (c) unsealing this case will positively impact the immediate proceedings; (d) the Dresdales have no right to seal the case, as their remedies are set forth in the "release".

## II. BACKGROUND

This matter was originally sealed in Rhode Island Superior Court pursuant to a motion filed by the Plaintiffs. Plaintiffs moved to seal the case out of an abundance of caution in the interests of protecting William from the continued threat of false criminal charges and in an abundance of caution relative to a "release" containing a confidentiality provision. Plaintiffs' motion to seal was filed in the presence of counsel for all parties and with their consent and opportunity to be heard. The Plaintiff's are no longer concerned over the potential for false criminal charges being filed. The issue of the validity of release has been fully briefed.

After the Dresdales removed this case, they made a motion to seal with the Court "for

reasons that will be explained to the Court in camera." Doc. #2.  Plaintiffs were not present during the filing of this motion and the Court granted the motion five days later.  The Plaintiffs' presume that the Dresdales argued that the original motion to seal was filed by the Plaintiffs', so they would not object what was effectively a continuation of the originally agreed upon secrecy of the proceedings.

For the reasons below, Plaintiffs are moving pursuant to Local Rule Cv 120 for the Court to unseal the case.

### III.  ARGUMENT

#### A.  THE PUBLIC HAS A RIGHT TO HAVE ACCESS TO THE JUDICIAL RECORDS IN THIS DISPUTE.

The substance of the Plaintiffs' allegations involve important issues of public concern.  Plaintiffs have alleged that an affluent family and the most prestigious academic institution in the state are responsible for falsely accusing an innocent student of rape and causing him serious and permanent damages.  The public has the right to know about this case.

Every year families weigh the pros and cons of colleges across the country.  Brown University has a national reputation as a liberal institution of higher learning that encourages and protects individual freedoms.  In actuality, Brown and its representatives have gone out of their way to protect the interests of a large financial contributor and, in the process, damaged the life of one of their students and his parents who were of modest means.  It is also important for the public to know that making false accusations of rape, and deliberately supporting and condoning such accusations is not in accordance with the law and will not be tolerated.

The Supreme Court has recognized a qualified First Amendment right of access to

judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The Supreme Court made clear that the First Amendment right of access extended to pretrial proceedings. *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) ("Press Enterprise I"); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1(1986) ("Press Enterprise II"). The First Circuit has held that the First Amendment right of access extends to judicial documents as well as judicial proceedings. *In re Globe Newspaper Co.*, 729 F.2d 47, 51, 59 (1st Cir. 1984) (the First Amendment right of access "has also been extended to documents filed in pretrial proceedings" and applies specifically "to documents filed in support of the parties' arguments at these hearings."). In order to determine if this constitutional right of access applies, the First Circuit has looked at whether the type of material in the case has been open to the public in the past and "whether public access plays a significant positive role in the functioning of the particular process in question." *In re Boston Herald, Inc.*, 321 F.3d 174, 182 (1st Cir. 2003).

1. **The substance of the material alleged in this dispute has historically been open to the public**

There is no reason for this case to remain under seal. This is not a case about a rape where sensitive material requires protecting the identities of the parties, and an innocent victim. Rather, this is a case involving a false accusation of rape (the falsity of which neither the Dresdales or the Brown Defendants have ever denied) and its life altering repercussions. This is a case involving tort claims and breaches of contract claims founded on false claims of sexual assault. It is the falsely accused victim in this case who seeks to this case see the light of day. The circumstances of this case do not require the case to remain sealed.

Nearly identical claims and allegations have been open to the public in the past in this

very Court and in other jurisdictions. *See e.g. Carrington et al. v. Duke University et al*, 08-119 (N.C.M.D. 2008)(involving Duke University's mishandling of false rape allegations against numerous Duke lacrosse players); *Adam Lack v. Sara Klein*, 97-58 (D.R.I. 1997)(involving claims against a Brown University student who made false allegations of rape against another Brown student and the university's mishandling of the investigation). Therefore, the claims involved in this case have been historically open to the public.

2. **Public access will have a positive impact regarding this case**

Generally speaking, the public's access to information allows the public to form opinions that should be unhindered absent substantial and specific justification.

> What happens in the halls of government is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification.

*Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992).

There is a widely recognized public policy strongly in favor of public access to court records. *See, e.g., Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597-98 (1978); *Neal v. The Kansas City Star (In re Neal)*, 461 F.3d 1048, 1053 (8th Cir.2006); *Gitto v. Worcester Telegram & Gazette Corp.*, 422 F.3d 1, 6 (1st Cir.2005). The right of public access is "rooted in the public's First Amendment right to know about the administration of justice." *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir.1994) (public access "helps safeguard 'the integrity, quality, and respect in our judicial system,' and permits the public 'to keep a watchful eye on the workings of public agencies' ") (citations omitted).

In addition to these "safeguards" the public will benefit from the knowledge of these proceedings. Specifically, prospective college students and, importantly, their parents have a right to know about the facts of this case. Brown University continues to admit thousands of new students each year who are foregoing opportunities to attend other, presumably, prestigious universities based upon a reputation Brown has exhibited to the public. What has happened to William McCormick is something that prospective students should be allowed to consider when making the significant choice of which university they wish to attend. Prospective students should be able to consider the fact that what has happened to William could also happen to them. If Brown is able to continue to hide its actions behind a sealed case that remains unavailable to the public, the proceeding will continue to be negatively affected. Likewise, the proceeding is also negatively affected by the Dresdales' ability to hide their actions from the public. As long as the actions of the Brown Defendants and the Dresdales are locked behind closed doors, they will never concern themselves with the public's ability to make reasoned judgments on the allegations and proceedings in this case.

Additionally, William and his parents have strong interests in unsealing this case. William was effectively thrown out of his university in front of his peers, professors, faculty members and advisors. As the record still stands, William is a rapist who deserved the treatment he received. After being thrown out of Brown, William had to go home and painfully communicate the events that transpired to his parents. William and his parents, above all, desire to have William's named cleared. They seek vindication for the wrongs committed against them. Having this case made public will further their interests, by commencing the name-clearing process.

Therefore, as there are numerous reasons why this dispute should be opened to the public and no reason for it to remain sealed, the Court should grant Plaintiffs' motion and unseal this matter.

### B. THE DRESDALES HAVE NO RIGHT TO SEAL THE CASE

The Dresdales are the party who sought to have the case sealed once it was removed to this Court. Unlike most "rape" cases, Beth Dresdale is not the innocent victim in this case. It is William who stands in the victim's shoes and whose privacy and reputation is paramount. Unsealing this case will serve to protect him and his rights, while imposing no unjust burden on his accuser, Beth Dredale.

Moreover, the validity of the "release" has now been fully briefed in the context of the Dresdales Rule 12(b)(6) Motion to Dismiss (Doc #16), and the Release should be deemed invalid. Without a valid release and confidentiality provision, the Dresdales have no right whatsoever to litigate this matter behind closed doors.

Even if we assume that the "release" is somehow in effect until finally adjudicated, by its own terms, it provides the Dresdales with a single remedy in the event of a breach of its confidentiality and non-disparagement provisions. The disputed document provides:

> 5. <u>Remedies</u>
>
> The parties agree that money damages would not be a sufficient remedy for any breach of this Agreement and consent to the imposition of specific performance and injunctive or other equitable relief as a remedy for any such breach if ordered by a court with jurisdiction. The breaching party agrees to indemnify the non breaching party from any and all damages or losses incurred (including reasonable attorneys' fees and expenses) as a result of such breach. The parties agree to waive any requirements for the securing or posting of any bond in [connection] with such a remedy.

*See Confidential Settlement Agreement and Release*, p. 3 attached to Dresdales' Motion to Dismiss (Doc #16-4). Accordingly, sealing the case is not a proper remedy for an alleged breach of the terms of the "release." The Dresdales, if they see fit, may file a motion for injunctive relief. But, they may not operate under the relative comfort of secrecy any longer.

**IV.     CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and unseal this case.

Plaintiffs, by their attorney,

/s/ J. Scott Kilpatrick
J. Scott Kilpatrick, Esq. (#4036)
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI   02903
(401) 331-6300
(401) 421-3185 Fax
jskilpatrick@cck-law.com

**Certificate of Service**

I, the undersigned, hereby certify that on the 29th day of March, 2010, I electronically filed the within with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System.

/s/ J. Scott Kilpatrick