```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
WILLIAM R. MCCORMICK, III,         )
CAROL A. MCCORMICK, and            )
WILLIAM R. MCCORMICK, II,          )
                                   )
            Plaintiffs,            )
                                   )
       v.                          )    CA. No. 09-474 S
                                   )
MARCELLA E. DRESDALE, RICHARD      )
C. DRESDALE, and BROWN             )
UNIVERSITY et al.,                 )
                                   )
            Defendants.            )
_____)
```

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff William McCormick (hereinafter "William") was a freshman student at Brown University ("Brown") in 2006. As an athlete-scholar Brown offered him a full scholarship and the promise of an Ivy League education. This relationship, however, ended abruptly at the end of that first year, resulting in William and his parents, William and Carol McCormick (hereinafter "the parents") filing a lawsuit in Rhode Island Superior Court. The crux of Plaintiffs' claims are based upon an incident whereby William alleges Defendant Marcella Dresdale, then a fellow Brown freshman, falsely accused him of rape; an accusation that quickly spiraled downwards into William's

withdrawal from Brown and the corresponding loss of his full scholarship.

This case was filed under seal in the Rhode Island Superior Court at the request of Plaintiffs, based upon their concerns arising from a mutual release signed by William and the Dresdales that contains confidentiality and non-disparagement provisions. Defendants removed the case to federal court and Plaintiffs moved to remand -- a motion that this Court denied. Plaintiffs then moved to lift the seal, which the Court granted over the pro-forma objection of the Dresdales.

At some point prior to Plantiffs' motion to lift the seal, Plaintiffs became acutely aware of serious deficiencies in their sweeping Complaint. Plaintiffs sought to correct those deficiencies by filing a First Amended Complaint, hoping to stave off any motions to dismiss and proceed directly into the discovery phase of litigation. Defendants, however, still perceiving deficiencies with the pleading, filed the instant motions to dismiss the First Amended Complaint. In response, Plaintiffs objected to the motions and attached a proposed Second Amended Complaint to that objection, along with numerous exhibits and documents outside the scope of the First Amended Complaint. Defendants promptly moved to strike the Second Amended Complaint and the attached exhibits. At oral argument Plaintiffs basically conceded that the First Amended Complaint

was the operative document at issue.  The Court now grants Defendants' motion to strike insofar as Plaintiffs attempt to include exhibits not sufficiently incorporated into the First Amended Complaint.

Now before the Court are the motions of Brown University ("Brown"), Ruth Simmons, David Kertzer, Russell Carey, Margaret Klawunn, Carla Hanson, Terry H. Addison, Robert Samuels, Jonah (Alan) Ward, Richard Bova, Rosario Navarro, Michelle Nuey, Col. Mark Porter, Yolanda Castillo-Appollonio, Chung Nguyen, and Shane Reil, all named individually and as agents for Brown University ( "the individual Brown Defendants") and Marcella and Richard Dresdale ( "the Dresdales") to dismiss all claims in the First Amended Complaint.[1]

At the hearing, Plaintiffs' counsel conceded that many of the claims brought in the First Amended Complaint (in particular, those against the individual Brown Defendants) were premature.  Only after discovery would the basis for the claims, if any existed, be revealed.  Plaintiffs' counsel averred that he had sought to voluntarily dismiss some of the claims without

---

[1] The Court notes that William's breach of contract claim against Brown is not at issue here.  Furthermore, the parents have voluntarily dismissed their breach of contract claims against the individual Brown Defendants and Plaintiffs' counsel clarified at hearing that Count VII in the First Amended Complaint (entitled "Acts Tantamount to Criminality") is merely a request for punitive damages and is not a separate theory of liability.

prejudice, under the auspices of Rule 41(a); however, opposing counsel did not consent, as is required by the rule.

Plaintiffs' counsel has raised a concern that many fact witnesses from Brown soon will be graduating and presumably leaving Rhode Island. Given the existence of pressing time concerns and the likely need for expedited discovery in this regard, the Court has concluded that it is in the interest of all parties that the Court (to the extent possible) should convey its rulings in expedited fashion. To the extent further explanatory detail may be necessary to explain the holdings below the Court will address those issues at a future time.

After careful consideration of the parties' briefs and after oral arguments, it is ordered as follows:

(1) Taking all the allegations set forth in the First Amended Complaint as true, as is required by Rule 12(b)(6), the Court is satisfied that William has alleged a pattern of wrongful conduct based on the collective actions of the agents of Brown University that, if proven, could be considered outrageous, atrocious or utterly intolerable conduct on the part of Brown. See Hoffman v. Davenport-Metcalf, 851 A.2d 1083, 1089 (R.I. 2004). Therefore, the Court DENIES Brown's motion to dismiss William's Intentional Infliction of Emotional Distress claim;

(2) The Court agrees that "the particular fact and circumstances [here] including [1] the relationship between the parties, [2] the scope and burden of the obligation to be imposed upon the defendant, [3] public policy considerations, and [4] the foreseeability of harm to the plaintiff" weigh in favor of imposing a duty on Brown University to conduct a reasonable investigation, and may include contacting the proper authorities, when confronted with alleged criminal activities by its students. Santana v. Rainbow Cleaners, Inc., 969 A.2d 653, 658 (R.I. 2009) (internal quotation marks, citations and alterations omitted). Therefore, the Court DENIES Brown's motion to dismiss William's negligence claim;

(3) The Court GRANTS the individual Brown Defendants' motion to dismiss William's Intentional Infliction of Emotional Distress and Negligence claims, but does so WITHOUT PREJUDICE;

(4) The Court agrees that the face of the First Amended Complaint reveals that the meeting with William and four agents on behalf of Brown, to address a credible allegation of "sexual misconduct" against William, was legally justified and privileged. Therefore, the Court GRANTS Brown and the individual Brown Defendants' motions to dismiss the False Imprisonment claim WITH PREJUDICE;

(5) The Court GRANTS Brown and the individual Brown Defendants' motions to dismiss the Libel claims WITHOUT PREJUDICE;

(6) The Court finds that the parents were not third party beneficiaries to any contract between William, who turned eighteen on September 26, 2005, and Brown. See e.g. Doe v. The University of the South, No. 4:09-cv-62, 2009 WL 3297288 *12, 14 (E. D. Tenn. Oct. 13, 2009) (no standing for parents of majority age student to bring claim against university) (citing Apffel v. Huddleston, 50 F.Supp.2d 1129, 1133 (D. Utah 1999)).  Therefore, the Court GRANTS Brown's motion to dismiss the parents' claims for Breach of Contract WITH PREJUDICE;

(7) The Court GRANTS Brown and the individual Brown Defendants' motions to dismiss the parents' claims for Intentional Infliction of Emotional Distress and Negligence, however, these claims are dismissed WITHOUT PREJUDICE; and

(8) The Court defers on ruling on the Dresdales' motion to dismiss based upon the Release at this time.

IT IS SO ORDERED:


/s/ *William E. Smith*
William E. Smith
United States District Judge
Date:  April 28, 2010

6