```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

```
_____
                               )
WILLIAM R. MCCORMICK, III,     )
CAROL A. MCCORMICK, and        )
WILLIAM R. MCCORMICK, II,      )
                               )
        Plaintiffs,            )
                               )
   v.                          )    CA. No. 09-474 S
                               )
MARCELLA E. DRESDALE, RICHARD  )
C. DRESDALE, and BROWN         )
UNIVERSITY, et al.,            )
                               )
        Defendants.            )
_____)
```

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

This Court recently issued a short Order granting in part and denying in part the motions to dismiss of Defendant Brown University and its agents. The Court did so in an expedited fashion, deferring the issues raised by co-Defendants, Marcella Dresdale and her father Richard Dresdale ("the Dresdales"), to a later date. The Court now writes separately to address the Dresdales' motion. The reader is referenced to the prior Order for the relevant details and background information.

Briefly stated by way of introduction, Plaintiff William McCormick (hereinafter "William") was a freshman student on a full scholarship at Brown University ("Brown") when, he alleges,

Defendant Marcella Dresdale, then a fellow Brown freshman, falsely accused him of misconduct, including rape. The accusation, however, was not made to law enforcement authorities, but rather to college administrators. The accusation fairly quickly resulted in William's "withdrawal" from Brown and the corresponding loss of his full scholarship. William filed suit, joined by his parents, Mr. and Mrs. McCormick ("the parents"), against Brown University, a number of Brown's agents (collectively the "Brown Defendants"), and the Dresdales. The Dresdales filed a motion to dismiss, pursuant to Rule 12(b)(6), for failure to state a clam upon which relief could be granted, asserting the affirmative defense of release and waiver. The Dresdales attached to their motion a copy of the "Confidential Settlement Agreement and General Release" signed by William, which purports to release all legal claims he and his parents may have held against the Dresdales arising out of this incident.[1] Because the authenticity of the Agreement is

---

[1] Defendants argue that Plaintiffs should be made to revise their complaint to include a duress claim, thus shifting the burden onto Plaintiffs to establish their right to cancel the Agreement. See Lawrence Capitol, Inc. v. Stanley-Warner Corp., 152 F. Supp. 889 (D. Mass. 1957). Defendants then also, somewhat incredulously, argue that Plaintiffs' failure to request an equitable remedy to invalidate the Agreememt somehow bars the Court from determining the validity of the Agreement, which they themselves raise as a defense. Plaintiffs, however, do request "other relief deemed just and proper" and unlike in Lawrence Capitol, Plaintiffs do not have any specific legal counts alleging that the Agreement was obtained by fraud and

not challenged and it is referred to throughout the First Amended Complaint, the Court agrees with the parties that it is a sufficiently incorporated document, which may be considered without converting Defendants' Motion to Dismiss into a Motion for Summary Judgment.  See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998).

Where Defendants are seeking to dismiss Plaintiffs' claims on the basis of a settlement agreement, the burden is on the Defendants to prove that there is a valid agreement which bars the claims, such that "the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'"  Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009) (internal citation omitted) (dismissing complaint on the basis of a statute of limitations defense).  In opposition to the Dresdales' motion, Plaintiffs argue that the Agreement is invalid for lack of valid consideration.  In the alternative, should the Court conclude that the Agreement is supported by valid consideration, Plaintiffs argue that the Agreement is voidable because it was procured by duress.

---

duress.  Plaintiffs have included facts that support their theory in the First Amended Complaint, and leave Defendants to assert the Agreement as a defense.  Indeed, because the Court agrees that Plaintiffs have alleged sufficient facts to support the claim that there was no consideration for the Agreement, the Court need not address Plaintiffs' duress and Defendants' ratification arguments at this time.

3

As mentioned above, after briefing and oral argument on these issues, the Court deferred its ruling, issuing in an expedited fashion a short Order with respect to the Brown Defendants' Motions to Dismiss. The Court now denies the Dresdales' motion to dismiss, as the Dresdales have not met their burden to demonstrate that on the face of the pleadings (and taking all of the averments in the First Amended Complaint as true) the Agreement is supported by valid consideration. In particular, Plaintiffs clearly allege that the claims forgone by the Dresdales, in consideration for William's release of the same, were false and made in bad faith. Accepting this as true, Defendants cannot prevail at this juncture.

<u>Confidential Settlement Agreement and General Release</u>

The First Circuit has said that it is the responsibility of the district court to "discern whether or not a valid and binding settlement had been reached, and if so, to enforce it." <u>Mathewson Corp. v. Allied Marine Indus., Inc.</u>, 827 F.2d 850, 853 (1st Cir. 1987). Indeed, "[w]here the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might have been had the parties chosen to litigate." <u>Id.</u> at 852-53 (quoting <u>Terrain Enter., Inc. v. W. Cas. & Sur. Co.</u>, 774 F.2d 1320, 1321 (5th Cir. 1985)). The Agreement between William and Marcella provides in ¶ 2.1 that:

4

> As consideration for the mutual promises contained herein, Dresdale hereby releases and forever discharges McCormick from any and all claims, demands, damages, remedies, contracts (express or implied) and causes of action, whether known or unknown, asserted or unasserted, fixed or contingent, which Dresdale ever had, now has or in the future may or could have, including but not limited to, any allegations of misconduct while at Brown University, against McCormick arising out of or relating to any matter up to the date of the execution of this Agreement . . .

And in ¶ 2.2 it provides that:

> As consideration for the promises contained herein, McCormick hereby releases and forever discharges Dresdale from any and all claims, demands, damages, remedies, contracts (express or implied) and causes of action of any kind or nature whatsoever, whether known or unknown, asserted or unasserted, fixed or contingent which McCormick ever had, now has or in the future may or could have, against Dresdale, including but in no way limited to an action for defamation.

In the Agreement, William further promises that he will voluntarily withdraw as a student from Brown, he will never attend any another school that Marcella attends, he will not come within one thousand (1000) feet of Marcella, he will not enter the City of Providence so long as Marcella is a student at Brown, and he will undergo neurological testing, psychological counseling, and successfully complete a course of instruction on sensitivity to women.  The Agreement also contains mutual promises to maintain the Agreement's confidentiality, as well as a Non-Disparagement clause.

5

In order to determine whether the Agreement is supported by adequate consideration the Court must first delve into the claims that Marcella and William agreed to mutually release. Plaintiffs argue that Marcella's good faith belief regarding the validity of her claims is front and center in this analysis and it is a question that in many ways represents the eye of the storm in this case. Described generally in the Agreement as "allegations of misconduct while at Brown University," the First Amended Complaint indicates that Marcella's claims could range from harassment to stalking to rape.

It is hornbook law that "[a] fundamental requisite to a contract that can be enforced by a court is an exchange of legal consideration by the parties." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 397 (D.R.I. 1998) (citing Hayes v. Plantations Steel Co., 438 A.2d 1091, 1094 (R.I. 1982)). This may take the form of a benefit conferred on another or a detriment suffered voluntarily. See Ross-Simons, 182 F.R.D. at 397.

In Rhode Island, the forbearance of a legal right may also qualify as valid consideration "for a settlement agreement if the claim is 'premised on an honest belief in its justness.'" Id. (quoting Lapan v. Lapan, 217 A.2d 242, 244 (R.I. 1966)). Indeed, "the weight of authority holds that although forbearance from suit on a known invalid claim is insufficient consideration

6

for a promise, forbearance from suit on a claim of doubtful validity is sufficient consideration for a promise if there is a sincere belief in the validity of the claim." 3 Richard A. Lord, Williston on Contracts § 7:47 Forbearance or promise of forbearance – Forbearance to litigate or promise to forbear – Doubtful claims (4th ed. 2008).

Thus, while good faith is a necessary prerequisite, a clear win is not. Indeed, "[i]f a claim is known by the claimant to have no foundation, it is clear that the forbearance to prosecute the claim is not sufficient consideration." Sweeney v. Sweeney Inv. Co., 90 P.2d 716, 719 (Wash. 1939) (internal quotation marks and citation omitted); See Restatement (Second) of Contracts § 74 "Settlement of Claims" (1981) ("[f]orbearance to assert or the surrender of a claim or defense which proves to be invalid is not consideration unless . . . the forbearing or surrendering party believes that the claim or defense may be fairly determined to be valid"). Even a "doubtful claim" that is likely to be defeated on the merits may qualify as adequate consideration to support an agreement. The claim, however, "must not be absurd in fact, from the standpoint of a reasonable person in the position of the claimant. [Moreover] the preference of the Restatement Second is to enforce the compromise if the claimant held a subjective good-faith belief in the claim's validity." 3 Williston on Contracts § 7:47.

7

After careful consideration, the Court concludes that the validity of the release cannot be established upon the face of the pleadings. Here, Plaintiffs allege that Marcella Dresdale conjured false and exaggerated allegations of misconduct, including rape, against William, thereafter entering into a settlement agreement promising not to bring those very claims that she knew were false.[2] Assuming, as is mandated upon a motion to dismiss, that her allegations against William were false and therefore, not "premised on an honest belief in its justness[,]" it cannot be shown on the face of the pleadings that there was valid consideration for the Agreement. Lapan v. Lapan, 217 A.2d 242, 244 (R.I. 1966); See, e.g., Dyer v Nat'l By-Products, Inc., 380 N.W.2d 732, 735-36 (Iowa 1986) (reversing lower court and denying summary judgment because disputed material facts "as to whether [plaintiff's] forbearance to assert his claim was in good faith" remained).

It must be emphasized, however, that the Court is not holding that the Agreement is invalid; rather, at this juncture where the Court must accept the facts alleged by Plaintiffs, dismissal would be improper. Marcella's good faith and the

---

[2] The Dresdales position appears to be that any mutual release of rights constitutes valid consideration. Counsel did not address the aspect of Plaintiffs' argument that a knowingly false claim cannot constitute valid consideration, either in their briefs or during hearing.

truth of the statement that "William had not raped [Marcella]" are not issues amenable to resolution upon a motion to dismiss. (Pls.' First Am. Compl. ¶ 79.) Unfortunately for the Dresdales, these thorny factual questions dovetail with whether the Agreement is a viable defense, supported by adequate consideration.

Conclusion

For the foregoing reasons, the Court concludes that the validity of the Agreement cannot be established on the face of the pleadings.  Therefore, the Dresdales' motion to dismiss is DENIED.

IT IS SO ORDERED:


*William E. Smith*
William E. Smith
United States District Judge
Date:  May 28, 2010