UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

William R. McCormick, III, et al.

    v.                            Civil No. 09-cv-474-PJB-LM

Marcella E. Dresdale, et al.

**O R D E R**

    The court has reviewed the motion to compel (doc. no. 91) filed by Marcella E. Dresdale and Richard C. Dresdale (collectively "the Dresdales"). The court defers ruling on the motion to compel as it appears the parties could resolve each issue raised therein with a further "meet and confer" consistent with the requirement described in both Rules 26(f) and 37(a)(1) of the Federal Rules of Civil Procedure. The court is aware that counsel did confer and attempt to resolve the issues raised in the instant motion to compel. However, the court finds that the goals of a "just, speedy, and inexpensive determination," see Fed. R. Civ. P. 1, are best served by counsel meeting once again, preferably on an in-person basis, and resolving the differences raised in this motion. If disputes remain after this "meet and confer," the court orders the parties to file a status report summarizing the remaining areas of dispute. The

status report shall be jointly filed, shall be no longer than necessary to list any remaining disputes (by reference to doc. no. 91 and the filings related thereto), and shall in no event exceed ten (10) pages in length. Additionally, if filed, such status report shall address the following:

1. Whether William R. McCormick, III, Carol A. McCormick, and William R. McCormick, II (collectively "the McCormicks") have, since the filing of the motion to compel, produced to the Dresdales a privilege log that enables the Dresdales properly to identify whether documents exist that are responsive to <u>particular</u> requests contained in doc. no. 91-4, but are not being produced by the McCormicks on the basis of the attorney-client privilege; and

2. Whether the McCormicks have agreed to waive the attorney-client privilege with respect to Attorney Walter R. Stone, Esq., and provide all documents from Mr. Stone that are responsive to the request(s) for production contained in doc. no. 91-4.

The court notes that, while Rule 34 contains no limitation on the number of requests a party may propound on another, the court will consider the voluminous nature of the Dresdales' request (148 requests) in balancing the equities at issue. On

the other hand, the court is sympathetic to the difficulties the Dresdales have had attempting to discern the precise contours of a large number of the McCormicks' objections. A "meet and confer" that is conducted in good faith shall account for these mutual challenges.

The court anticipates that the parties will confer in good faith and resolve the disputes raised in doc. no. 91. If the parties resolve the disputes in doc. no. 91, the status report shall so indicate. The court holds any ruling on doc. no. 91 in abeyance until such time as the parties file the status report. The status report shall be filed on or before June 27, 2011,

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Dated: May 25, 2011

cc: Joseph V. Cavanagh, Jr., Esq.
    J. Scott Kilpatrick, Esq.
    Stephen J. Reid, Jr., Esq.
    Steven M. Richard, Esq.
    Michael Burch, Esq.