```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

William R. McCormick, III;
Carol A. McCormick; and
William R. McCormick, II

   v.                                    C.A. 09-474-PJB-LM

Marcella E. Dresdale; Richard
C. Dresdale; and Brown University
in Providence in the State of
Rhode Island and Providence
Plantations


### O R D E R

William R. McCormick, III moves the court to reconsider a portion of its order on his motion to compel Brown University ("Brown" or "the University") to produce certain documents. Brown objects. For the reasons that follow, McCormick's motion for reconsideration is granted in part and denied in part.

McCormick asked Brown to "[i]dentify and produce all documents that evidence donations of any kind made by Richard Dresdale or any individual, group or entity on his behalf, or at his request, to Brown or any individual or entity related to Brown, from January 1, 2000 to the present." The court denied McCormick's motion to compel on two grounds: (1) Brown has already produced documents concerning Dresdale's donations to

the University, rendering McCormick's request partially moot; and (2) as between Brown and Dresdale, Dresdale is a more convenient source of the requested information, and the burden on Dresdale to produce that information would be substantially less than the burden on Brown.

Regarding the first basis for the court's decision, the court acknowledges that it erred by saying that Brown had produced information about Dresdale's donations. To the contrary, it is Dresdale who has produced information about his donations to Brown. Nonetheless, production of that same information by the University would be cumulative or duplicative. Moreover, the court remains convinced that given the wording of McCormick's request, Dresdale is both a more convenient and less burdensome source of the information McCormick seeks on this topic. To be sure, there are any number of ways in which McCormick could have phrased enforceable requests for documents from Brown related to Dresdale's alleged fundraising activities on behalf of the University. But, of course, the court can consider only the discovery requests McCormick actually made, not those he could have made. The request McCormick actually made is for information that can be obtained much more conveniently from Dresdale than from Brown.

For the reasons given, McCormick's motion to reconsider, document no. 112, is granted in part and denied in part. To the extent that McCormick points out the court's erroneous statement that Brown produced information on Dresdale's donations, the motion is granted. But, to the extent that McCormick asks the court to compel Brown to produce documents related to donations to the University made by Dresdale, on his behalf, or at his request, the motion is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

July 25, 2011

cc: Joseph V. Cavanagh, Jr., Esq.
    J. Scott Kilpatrick, Esq.
    Stephen J. Reid, Jr., Esq.
    Steven M. Richard, Esq.
    Michael Burch, Esq.