UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

William R. McCormick, III, et al.

   v.                                        Civil No. 09-cv-474-PB

Marcella E. Dresdale, et al.

**O R D E R**

On August 3, 2011, a hearing was held on the motion to compel (doc. no. 91) filed by Marcella E. Dresdale and Richard C. Dresdale (collectively "the Dresdales"). In an order dated May 25, 2011, this court deferred ruling on the motion to compel and ordered the parties to engage in a further "meet and confer" to resolve the issues raised therein. To the extent the parties were unable to resolve their remaining disputes, the court ordered the parties to file a status report. The parties filed a status report (doc. no. 114) on June 29, 2011. That status report indicated that the parties had made significant progress but that certain discreet disputes remained.

At the August 3 hearing, the parties clarified that there were only two issues still in dispute. Those two issues can be summarized as follows:

(1) The Dresdales maintain that William R. McCormick, III, Carol A. McCormick, and William R. McCormick, II (collectively "the McCormicks") are required under Fed. R. Civ. P. 34(b) to link each of the hundreds of documents that the McCormicks have already produced to one or more of the 148 separately numbered requests they, the Dresdales, have proposed in their First Request for Production of Documents ("First RPOD").

(2) The Dresdales also maintain that the McCormicks must provide to them any written communications between the McCormicks and their current counsel that are responsive to the First RPOD and are not privileged. By way of example, the Dresdales offer the following hypothetical communication: an email from Attorney Kilpatrick to any one of the McCormicks that may have been "cc'd" to a non-client.

The court issued its ruling with respect to both of these remaining disputes orally from the bench. This written order incorporates by reference those rulings. The court briefly summarizes its rulings below.

<u>Dispute #1</u>

With respect to dispute #1, the court denies the Dresdales' motion to compel. The McCormicks produced more than one thousand pages of documents prior to the Dresdales' propounding

the First RPOD.  Notably, the McCormicks placed bates-stamped numbers on all of the documents they had produced.  The McCormicks have objected to the First RPOD as overly burdensome.  However, and without waiving that objection, the McCormicks provided answers to the individual requests.  In many instances, the McCormicks responded by stating that no other responsive documents existed, other than those that had already been provided.  Where the McCormicks could readily identify which specific documents in the hundreds of documents already produced were responsive to the specific requests, the McCormicks did so by indicating the bates numbers of the relevant documents.

    In short, the court finds that the burden on the McCormicks of demarcating precisely which documents answer which of the 148 requests for the production of documents is too great in light of the minimal benefit to the Dresdales of having this information.  To the extent the Dresdales have any questions about any set of documents, or any specific document, produced by the McCormicks, their counsel can telephone the McCormicks' counsel to obtain the necessary information.

Dispute #2

With respect to dispute #2, and pursuant to the McCormicks' request, the court is holding any ruling in abeyance until August 5, 2011, at 5 p.m., by which time counsel for the McCormicks will file a very brief status report informing the court as to the McCormicks' position with respect to the Dresdales' request.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

August 5, 2011

cc: Joseph V. Cavanagh, Jr., Esq.
    J. Scott Kilpatrick, Esq.
    Stephen J. Reid, Jr., Esq.
    Steven M. Richard, Esq.
    Michael Burch, Esq.